
Bureau of Health Workforce
Division of Participant Support and Compliance

June 30, 2023

Haley Clements, FNP
436 West Broad Street
Eufaula, Alabama 36027

Dear Haley Clements:

This letter responds to your request for a waiver of your National Health Service Corps (NHSC) Rural Community (RC) Loan Repayment Program (LRP) service obligation. For the reasons discussed below, we have determined that your request does not meet the criteria for a waiver of your obligation. Accordingly, your request is denied.

### Statute and Regulatory Criteria

A waiver may be granted only when compliance with the NHSC LRP service or payment obligation (1) is impossible, or (2) would involve extreme hardship to the individual and if enforcement of the obligation with respect to any individual would be unconscionable. By regulation (42 C.F.R. § 62.12, made applicable by 42 C.F.R. § 62.28), compliance is considered impossible if the participant documents that he/she suffers from a physical or mental disability that results in his/her permanent inability to serve the obligation. In determining whether compliance with the obligation would be an extreme hardship, the regulations require us to consider:

1. The participant's present financial resources and obligations;
2. The participant's estimated future financial resources and obligations; and
3. The extent to which the participant has problems of a personal nature, such as a physical or mental disability or terminal illness in the immediate family, which so intrude on the participant's present and future ability to perform as to raise a presumption that she would be unable to perform the obligation incurred.

### Your Current Obligation

The mission of the NHSC is to improve the health of the nation's underserved by recruiting clinicians to serve in Health Professional Shortage Areas (HPSAs) of greatest need. As a condition of receiving a Fiscal Year (FY) 2020 NHSC RC LRP award of $25,187.76, you signed a contract in which you agreed to provide three-years of full-time service as a Family Practice Nurse Practitioner in a HPSA to which you would be assigned by the Secretary of Health and Human Services. Our records indicate that you served 77 days (July 24, 2020, to October 8, 2020) of your 1095-day service obligation at SE Alabama Rural Health Associates - Eufaula Internal Medicine in Eufaula, Alabama, when you resigned from your site.

**Your Waiver Request**

In the financial waiver request you transmitted you stated that: (1) You had to leave your site after the physician overseeing your work passed and you were unable to practice on your own; (2) Your husband lost his job due to COVID and is currently unable to work  due to chronic lower back issues; (3) You had to place your 3 young children into private school due to COVID; (4) You are also taking care of your elderly parents and grandmother with medical expenses; (5) You tried to terminate your NHSC contract and return the funds, but you were informed that the deadline to return the funds had passed; and (6) You are unable to relocate to another area because of your dependents.

**The Impossibility Standard**

The "impossibility" criterion requires us to consider whether a waiver applicant suffers from a physical or mental disability that results in his or her permanent inability to perform the service or other activities which would be necessary to comply with the obligation (i.e., the ability to serve or to pay the statutory damages for failing to serve).  See 42 C.F.R. § 62.28; 42 C.F.R. § 62.12(c).  You did not submit any documentation that indicates that you suffer from a medical disability or lack the ability to be gainfully employed in the profession for which you received NHSC funding.  Your documentation indicates that you have been working full-time as a Nurse Practitioner at a site that is not NHSC approved.  Therefore, we cannot conclude that you suffer from a physical or mental disability that permanently precludes you from working as a Nurse Practitioner to fulfill your service obligation.

   Accordingly, based on the documentation you have provided to date, we were unable to conclude that you suffer from a medical disability that results in your permanent inability to fulfill your NHSC LRP service obligation.

**The Extreme Hardship Standard**

   A.  Problems of a Personal Nature

With respect to extreme hardship, the documentation you submitted did not support a finding that you have problems of a personal nature which so intrude on your present and future ability to perform as to raise a presumption that you would be unable to perform your NHSC service.

You indicated that you are unable to relocate to complete your NHSC service obligation because you are providing care for family members.  The medical documentation we received regarding your husband, included a progress note dated November 9, 2021, from his visit with neurosurgeon Nicholas Voss, MD, where the following is noted: your husband was evaluated for his chronic low back pain associated with leg pain; your husband was advised he may benefit from back surgery, but he was not ready to undergo surgery; your husband was working with his brother at that time "flipping houses."  We also received medical documentation dated May 4, 2022, for your father's care with cardiologist Simon Brooks, MD, where the following is noted: your father has significant heart disease for which he takes medication; however, his condition is stable.  We requested updated medical information from your husband and father's medical providers.  However, no additional information was available for our reviewers.  Per medical

documentation reviewed, the family members you assist are completing their Activities of Daily Living (ADL) without substantial limitations. The documents submitted do not show that your husband or father cannot perform Activities of Daily Living (ADL) or cannot live independently. Thus, we are unable to conclude that your circumstances warrant a waiver of your service obligation under the extreme hardship standard.

B. Current and Estimated Future Financial Resources and Obligations

We also reviewed your present and estimated future financial resources and obligations to determine whether it would be an extreme hardship to require you to pay the damages you will owe if you elect to breach your service obligation. The documentation we reviewed included your financial statement of debtor (FSD) form dated August 1, 2022, federal and state income tax returns from 2019 through 2021, pay stubs, and bank statements. Your financial documents indicate that you were employed as a Nurse Practitioner at an NHSC unapproved site. Your monthly gross income for the household is $12,870.22. After payroll and tax deductions, you have a monthly net pay of approximately $8,503.39, which exceeds your total allowable living expenses of $5,366.61. On your tax returns, filed jointly with your husband, your 2019 combined adjusted gross income (AGI) was $152,876; 2020 AGI was $181,164; and 2021 AGI was $147,205. You also received a $8,615 tax refund in relation to your 2021 joint federal tax return. On your FSD form, you listed a checking and savings account with a combined balance of $40,515.78; and an investment in an IRA, and Retirement savings with a total balance of $90,106.66. In addition, you appear to have equity in your primary residence (you listed a mortgage balance of $74,846.00 and public records estimate a current value of $173,600.00). You own 2 automobiles; (1) valued at $26,000.00 (with a remaining balance of $12,449.00); and (2) valued at $11,000.00.

You also maintain an active unrestricted license as a Nurse Practitioner. Based on your current age (41 years) and current and future earning potential, we believe that you are capable of generating an income for years to come within the profession for which you received NHSC funding. The documentation you submitted does not support a finding that you lack the current and future ability to pay your debt (using current and estimated future financial resources) if you elect to breach your contract. As a result, we are unable to waive your obligation on the basis of extreme hardship.

## Our Determination

Based on the documentation you submitted, we concluded that compliance with your NHSC LRP obligation is not impossible and does not involve an extreme hardship such that enforcement of your obligation would be against equity and good conscience. Therefore, we are unable to grant your request for a waiver of your NHSC RC LRP obligation based on the impossibility or extreme hardship standards.

## Options Available

At the present time, you continue to have a service obligation under your NHSC RC LRP contract. Please note that if you do not resume service at an eligible NHSC service site, you will be placed in default and become liable for the monetary damages specified in your contract.

If you have any questions regarding this waiver decision, please contact Anjum Rishi in the Legal and Compliance Branch at arishi@hrsa.gov or 301-443-1167.

Sincerely,

Jeremiah St. Helen
Deputy Director